**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| LASALLE COMMERCIAL MORTGAGE SECURITIES, INC., SERIES 2006-MF4 TRUST, acting by and through its Master and Special Servicer, MIDLAND LOAN SERVICES, a division of PNC Bank, National Association, and whose Trustee is WELLS FARGO BANK, N.A., | Case Number: 13 cv 05605 |
| Plaintiff, | Judge: Honorable John Z. Lee |
| v. | Magistrate Judge: Honorable Jeffrey Cole |
| BANK OF AMERICA, N.A. as successor in interest to LaSalle Bank National Association, | |
| Defendant. | |

**DEFENDANT BANK OF AMERICA, N.A.'S
MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

Defendant Bank of America, National Association ("Bank of America" or "Defendant"), successor by merger to LaSalle Bank National Association ("LaSalle"), through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully moves the Court for the entry of an order of dismissal of Plaintiff's second amended complaint, dated September 4, 2013 [Dkt. No. 72] ("Second Amended Complaint") in which Plaintiff seeks the repurchase of 282 loans ("Loans") made by LaSalle, and included in the LaSalle Commercial Mortgaged Securities, Inc., Series 2006-MF4 Trust ('MF4") pursuant to a securitization transaction.

As discussed more fully in the accompanying Memorandum of Law in Support of Bank of America's Motion To Dismiss the Second Amended Complaint, including the exhibits attached thereto, Bank of America respectfully submits that this Court should dismiss Plaintiff's Second Amended Complaint for each of these independent reasons:

1. First, the Second Amended Complaint should be dismissed because Plaintiff

failed to plead that the alleged breaches of the representations and warranties ("RW") at issue were *material*, as required to state a claim for a breach of contract under well-established New York contract law (which governs the contracts at issue).

2. Second, Plaintiff has failed to sufficiently plead allegations in the Second Amended Complaint that comply with the contractual requirements for obligating Defendant to repurchase any (let alone, all) of the 282 Loans. As set forth in the unambiguous language of the contracts governing the MF4 securitization transaction, Plaintiff must demonstrate, *inter alia*, on a loan-by-loan basis as to each of the 282 Loans that LaSalle materially breached an RW that caused the requisite material adverse effect in order to be entitled to repurchase of the Loans. Rather than pleading on a loan-by-loan basis, Plaintiff alleges that LaSalle breached three RWs *not* by virtue of any issue specific to any particular Loan, but because of alleged "pervasive" or "systemic" flaws in LaSalle's origination, underwriting and/or closing practices generally. However, there is nothing in the governing contracts that permits Plaintiff to seek a pool-wide loan repurchase based on a theory of "systemic" or "pervasive" flaws, nor is Plaintiff's attempt supported by applicable law. As the Second Amended Complaint does not contain a single allegation relating to the origination, underwriting, or closing practices performed by LaSalle in connection with any individual Loan, let alone allegations sufficient to justify damages on each of the 282 Loans at an estimated cost of hundreds of millions of dollars, the Second Amended Complaint should be dismissed in its entirety.

3. Third, the Second Amended Complaint should be dismissed because it fails the *Twombly* test. It is well-established that mere conclusions lacking factual support are not sufficient to adequately plead a claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers 'labels and conclusions' . . . 'will not do'") (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Second Amended Complaint contains no allegations

-3-

regarding the breach of an RW as to any individual Loan, and it is apparent from the face of Plaintiff's pleading that each of the purported "systemic" flaws does not apply to each and every Loan, rendering Plaintiff's claims implausible and inadequate. Moreover, Plaintiff cannot pass the *Twombly* test by relying on the conclusory *ipse dixit* statement that a "systemic" breach by definition means the alleged breach exists as to each Loan.

4. Fourth, the Second Amended Complaint should be dismissed because as to each of the three RWs at issue, in addition to failing to make allegations demonstrating a material breach of an RW as to each individual Loan as required under the contracts at issue, Plaintiff has misconstrued the plain meaning of each of the RWs at issue and failed to sufficiently allege a material breach under the unambiguous language of the RWs at issue.

**WHEREFORE**, for the reasons set forth above, Bank of America respectfully requests that this Honorable Court grant this motion and enter an order dismissing Plaintiff's Second Amended Complaint and grant such other and further relief as the Court deems proper under the circumstances.

Dated: September 25, 2013

Respectfully submitted,

Bank of America, National Association, as successor by merger to LaSalle Bank National Association

/s/ Gregory A. Markel
One of Bank of America's Attorneys

**CADWALADER, WICKERSHAM & TAFT LLP**
Gregory A. Markel
greg.markel@cwt.com
Jason M. Halper
jason.halper@cwt.com
Lauren U. Y. Lee (admitted *pro hac vice*)
lauren.lee@cwt.com
One World Financial Center
New York, New York 10281
Telephone: (212) 504-6000
Facsimile: (212) 504-6666

**ARONBERG GOLDGEHN**
John M. Riccione, ARDC # 6209375
jriccione@agdglaw.com
William J. Serritella, Jr., ARDC # 6210001
wseritella@agdglaw.com
Amy M. Rapoport, ARDC # 6293612
arapoport@agdglaw.com
330 North Wabash, Suite 1700
Chicago, Illinois 60611
Telephone: (312) 828-9600
Facsimile: (312) 222-6388