**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **LASALLE COMMERCIAL MORTGAGE SECURITIES, INC., SERIES 2006-MF4 TRUST, acting by and through its Master and Special Servicer, MIDLAND LOAN SERVICES, a division of PNC Bank, National Association, and whose Trustee is WELLS FARGO BANK, N.A.,** | ) ) ) ) ) ) ) | |
| | ) | **Case No. 13 C 5605** |
| | ) ) | **Judge John Z. Lee** |
| Plaintiff, | ) ) | **Magistrate Judge Susan Cox** |
| v. | ) ) ) | |
| **BANK OF AMERICA, N.A. as successor in interest to LaSalle Bank National Association,** | ) ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff LaSalle Commercial Mortgage Securities, Inc., Series 2006-MF4 Trust, acting by and through its Master and Special Servicer, Midland Loan Services, a division of PNC Bank, National Association, has sued Defendant Bank of America, N.A. ("Defendant") as successor in interest to LaSalle Bank National Association ("LaSalle"). Plaintiff alleges that LaSalle breached various representations and warranties provided in a contract under which LaSalle sold Plaintiff a pool of securitized mortgage loans. Defendant moves to dismiss the Second Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth herein, the Court denies Defendant's motion.

**Factual Background**[1]

In 2006, LaSalle sold Plaintiff a pool of securitized commercial real estate mortgage loans worth over $450.9 million, which LaSalle had previously originated for the purpose of securitization and sale. 2d Am. Compl. ¶¶ 1–2, 21. Plaintiff and LaSalle conducted this sale pursuant to two written agreements, the Mortgage Loan Purchase Agreement ("MLPA") and the Pooling and Servicing Agreement ("PSA"). *Id.* ¶¶ 1–2. The MLPA includes a list of representations and warranties that LaSalle made with respect to the loans sold, incorporated by reference into the PSA. *Id.* ¶ 61. These representations and warranties serve to ensure the quality of the loans, and breach of a representation and warranty decreases a loan's value by increasing its riskiness. *Id.* ¶¶ 6–8, 61. The PSA further provides that, within ninety-days' notice of breach of any representation and warranty materially and adversely affecting a loan, LaSalle or its successor in interest must either cure the breach or buy back the affected loan at the purchase price. *Id.* ¶ 63; *see* PSA § 2.03(b), *id.*, Ex. 1 at 72.

Alleging that LaSalle breached three of the representations and warranties in the MLPA, Plaintiff first claims that LaSalle breached Representation and Warranty 10 with respect to twenty-one loans in the pool. 2d Am. Compl. ¶ 30. Representation and Warranty 10 provides:

> The Mortgage Loan documents for each Mortgage Loan contain enforceable provisions such as to render the rights and remedies of the holder thereof adequate for the practical realization against the Mortgaged Property of the principal benefits of the security intended to be provided thereby, *including realization by judicial or non-judicial foreclosure*.

*Id.* ¶ 29(a) (emphasis added). Plaintiff's theory is that LaSalle breached Representation and Warranty 10 by failing to include sufficient power-of-sale language in the loan documents to

---

[1] The following facts are taken from Plaintiff's Second Amended Complaint and the exhibits attached thereto, which the Court may consider as part of the pleadings. *See* Fed. R. Civ. P. 10(c); *Miller v. Herman*, 600 F.3d 726, 733 (7th Cir. 2010). These facts are accepted as true on review of Defendant's motion to dismiss, with all possible inferences drawn in Plaintiff's favor. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

allow for non-judicial foreclosure of Oklahoma and Washington properties securing loans in the pool. *Id.* ¶ 30.

Next, Plaintiff claims that LaSalle breached Representations and Warranties 24 and 36 with respect to 282 loans in the pool.[2] *Id.* ¶¶ 39, 50. Representation and Warranty 24 provides:

> The origination, servicing and collection practices used by the Seller . . . with respect to [each] Mortgage Loan have been in all material respects legal and have *met customary industry standards*.

*Id.* ¶ 29(b) (emphasis added). In turn, Representation and Warranty 36 provides:

> An appraisal of the related Mortgaged Property was conducted in connection with the origination of [each] Mortgage Loan, and such appraisal *satisfied the guidelines in Title XI of the Financial Institutions Reform, Recovery and Enforcement Act of 1989*, as in effect on the date such Mortgage Loan was originated.

*Id.* ¶ 29(c) (emphasis added). Plaintiff alleges that LaSalle breached Representation and Warranty 24 by failing to meet customary industry standards in its origination of 282 loans in the pool, and that LaSalle breached Representation and Warranty 36 by using appraisal practices that violated Title XI of the Financial Institutions Reform, Recovery and Enforcement Act[3] with respect to the same 282 loans. *Id.* ¶¶ 39, 43, 50.

On September 5, 2012, Plaintiff provided Defendant with written notice of the alleged breaches, as agreed under the PSA. *Id.* ¶¶ 63–64. Defendant, however, has neither cured the alleged breaches nor paid Plaintiff the purchase price for the 282 loans in question. *Id.* ¶ 65. In response, Plaintiff has brought suit for breach of contract, seeking judicial enforcement of the

---

[2] In Exhibit 3 to the Second Amended Complaint, Plaintiff includes a list of these 282 loans, which include among them the twenty-one loans involving alleged breaches of Representation and Warranty 10. The list contains information detailing the addresses of the properties securing each individual loan, as well as information about the loans' balances.

[3] Pub. L. No. 101-73, 103 Stat. 183 (1989) (codified in various sections of 12 U.S.C.).

3

parties' agreement. *Id.* ¶ 68. Defendant now moves to dismiss the Second Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

### Legal Standard

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must "state a claim to relief that is plausible on its face[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* at 555. In reviewing Defendant's motion to dismiss, the Court must accept as true all well-pleaded allegations in the complaint and must draw all possible inferences in Plaintiff's favor. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

### Discussion

**I.     Breach of Representations and Warranties**

Alleging breach of contract, Plaintiff claims that LaSalle breached three of the representations and warranties included in the MLPA and PSA. The parties have agreed that the MLPA and PSA are to be governed by New York law. *See* PSA § 11.04, 2d Am. Compl., Ex. 1 at 212–13; MLPA § 11, *id.*, Ex. 2 at 12. To state a claim for breach of contract under New York law, a complaint must allege "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996). Defendant asserts that Plaintiff has failed to sufficiently allege the third element – the existence of a breach of contract.

Under the PSA, a breach includes a "breach of any representation or warranty with respect to a Mortgage Loan . . . which . . . materially and adversely affects the value of such Mortgage Loan." PSA § 2.03(b), *id.*, Ex. 1 at 72. For the reasons set forth below, the Court

finds that Plaintiff has stated a claim for breach of contract based on breaches of Representations and Warranties 10, 24, and 36 of the MLPA.

### A. Representation and Warranty 10

Plaintiff alleges that LaSalle breached Representation and Warranty 10 by failing to include sufficient power-of-sale language in certain mortgage loan documents to allow for non-judicial foreclosure of the Oklahoma and Washington properties securing loans in the pool LaSalle sold Plaintiff. 2d Am. Compl. ¶¶ 32–37. Plaintiff further alleges that this breach materially and adversely affected twenty-one loans in the pool, claiming that the loans were riskier and therefore less valuable than they would have been if the loan documents had included language necessary to allow for non-judicial foreclosure. *Id.* ¶¶ 8, 38. Defendant moves to dismiss this claim on the grounds that Representation and Warranty 10 did not require LaSalle to include language allowing for non-judicial foreclosure of any properties securing loans in the pool. Def.'s Mem. Supp. Mot. Dismiss 16–17. The Court finds that Defendant's argument does not compel dismissal of Plaintiff's claim.

Twenty-one loans in the pool LaSalle sold to Plaintiff are secured by properties located in the states of Oklahoma and Washington. *Id.* ¶ 30. Under Oklahoma and Washington law, mortgage loan documents can be enforced by non-judicial foreclosure only if they include certain language specified by statute. *See* 46 Okl. Stat. § 43(A);[4] Wash. Rev. Code § 61.24.030.[5]

---

[4]   46 Okl. Stat. § 43(A) provides:

    A power to sell the mortgaged real estate may be conferred by the mortgagor upon the mortgagee . . . . [T]he mortgage shall state in bold and underlined language, substantially the following: "A power of sale has been granted in this mortgage. A power of sale may allow the mortgagee to take the mortgaged property and sell it without going to court in a foreclosure action upon default by the mortgagor under this mortgage[.]"

[5]   Wash. Rev. Code. § 61.24.030 provides:

As stated above, Representation and Warranty 10 provides that the mortgage loan documents for each loan in the pool LaSalle sold to Plaintiff include provisions allowing for "the practical realization against the Mortgaged Property of the principal benefits of the security intended to be provided thereby, *including realization by judicial or non-judicial foreclosure*." 2d Am. Compl. ¶ 29(a) (emphasis added). Plaintiff has alleged that the mortgage loan documents securing properties in Oklahoma and Washington do not contain the language specified in those states' respective statutes to leave open the possibility of non-judicial foreclosure. *Id.* ¶¶ 32–37. Taken as true, this allegation suffices to state a claim entitling Plaintiff to relief based on breach of Representation and Warranty 10.

For its part, Defendant argues that the phrase "including realization by judicial or non-judicial foreclosure" should be read disjunctively, and that LaSalle is not in breach of Representation and Warranty 10 so long as judicial foreclosure is an option available to Plaintiff. *See* Def.'s Mem. Supp. Mot. Dismiss 17. It is, however, also possible to read Representation and Warranty 10 as providing that *both* judicial and non-judicial foreclosure will remain available to Plaintiff. *See Schane v. Int'l Bhd. of Teamsters Union Local No. 710 Pension Fund Pension Plan*, -- F.3d ----, 2014 WL 3611613, at **3–4 (7th Cir. July 23, 2014) (discussing the ambiguity arising from the fact that the word "or" can be read either conjunctively or disjunctively); Pl.'s Mem. Opp'n Def.'s Mot. Dismiss 20 ("[A] plain reading of Representation and Warranty 10 shows that Defendant was representing that the loan documents allowed *Plaintiff* the option of judicial or non-judicial foreclosure.") (emphasis in original).

Because Representation and Warranty 10 is reasonably susceptible to either of these interpretations, its meaning is ambiguous as a matter of law. *See Van Wagner Adver. Corp. v. S*

---

It shall be requisite to a trustee's sale: (1) That the deed of trust contains a power of sale; (2) That the deed of trust contains a statement that the real property conveyed is not used principally for agricultural purposes.

6

*& M Enterprises*, 492 N.E.2d 756, 758–59 (N.Y. 1986). Thus, its meaning cannot be resolved by the Court on a motion to dismiss. *Info. Superhighway, Inc. v. Talk Am., Inc.*, 274 F. Supp. 2d 466, 470 (S.D.N.Y. 2003).

Consequently, taking Plaintiff's allegations as true, the Court finds that Plaintiff has alleged facts sufficient to state a claim based on breach of Representation and Warranty 10 and denies Defendant's motion to dismiss with respect to that claim.

### B. Representation and Warranty 24

Plaintiff also claims that LaSalle breached Representation and Warranty 24 by failing to meet customary industry standards in its origination, servicing, and collection practices with respect to 282 loans in the pool LaSalle sold to Plaintiff. 2d Am. Compl. ¶¶ 50, 52. Defendant moves to dismiss this claim, arguing that Plaintiff has not adequately pleaded facts alleging LaSalle's failure to adhere to such industry standards. Def.'s Mem. Supp. Mot. Dismiss 21–24. The Court rejects this argument.

Plaintiff's Second Amended Complaint lists specific ways in which LaSalle breached Representation and Warranty 24 during the origination of each of the 282 loans in question. *Id.* ¶¶ 50, 52. For example, Plaintiff alleges that "[d]uring the origination of the Loans, LaSalle did not receive, review, and analyze source operating statements or rent rolls for the properties being financed, instead relying upon broker-prepared spreadsheets or summaries of operating statements and rent rolls," and that "LaSalle staff did not personally inspect the collateral properties for the Loans or interview property managers regarding occupancy history, renovations, or otherwise verify information provided by the loan brokers." *Id.* ¶ 50(a), (f). Furthermore, Plaintiff claims that these breaches materially and adversely affected the 282 loans, because the breaches made the loans riskier and therefore less valuable than they otherwise

7

would have been. *Id.* ¶¶ 8, 53. The Court finds that these factual allegations are sufficient to state a claim based on breach of Representation and Warranty 24. *Cf. Wells Fargo Bank, N.A. v. LaSalle Bank N.A.*, No. 11-C-2884, 2011 WL 4837493, at *3 (N.D. Ill. Oct. 11, 2011) (denying a motion to dismiss a claim for breach of contract involving a substantially similar Representation and Warranty, when the complaint described specific ways in which the defendant had failed to meet customary industry standards).

Plaintiff and Defendant disagree as to whether LaSalle's asserted failures to meet customary industry standards involved activities related to the "origination" of loans, and thus whether LaSalle breached Representation and Warranty 24. Plaintiff claims that the term "origination" in the context of Representation and Warranty 24 includes the underwriting and closing processes, while Defendant claims that "origination" is more defined narrowly to exclude those processes from Representation and Warranty 24's scope. *See* Pl.'s Mem. Opp'n Def.'s Mot. Dismiss 24–25; Def.'s Mem. Supp. Mot. Dismiss 24. Because the term "origination" is reasonably susceptible to either interpretation, it is ambiguous as a matter of law, and its meaning cannot be resolved at this point in the proceedings. *See Info. Superhighway*, 274 F. Supp. 2d at 470 ("Where a contract is ambiguous, it cannot be decided as a matter of law on a motion to dismiss."). *See also LaSalle Bank Nat'l Ass'n v. Merrill Lynch Mortg. Lending, Inc.*, No. 04-CIV-5452(PKL), 2007 WL 2324052, at *10 (S.D.N.Y. Aug. 13, 2007) (finding that the term "origination" in a substantially similar Representation and Warranty was ambiguous as a matter of law).

Thus, taking Plaintiff's allegations as true, the Court finds that Plaintiff has stated a claim for breach of contract based on alleged breach of Representation and Warranty 24. The Court accordingly denies Defendant's motion to dismiss with respect to that claim.

### C. Representation and Warranty 36

Plaintiff alleges that LaSalle breached Representation and Warranty 36 by failing to conduct property appraisals in compliance with Title XI of the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA") with respect to 282 loans. 2d Am. Compl. ¶ 47. Specifically, Plaintiff claims that LaSalle's appraisals violated FIRREA by failing to comply with regulations promulgated by the Office of the Comptroller of the Currency ("OCC"). On the other hand, Defendant contends that LaSalle did not breach Representation and Warranty 36, on the grounds that compliance with OCC regulations is outside the scope of FIRREA and is thus also outside the scope of Representation and Warranty 36. *See* Def.'s Mem. Supp. Mot. Dismiss 20–21. The Court rejects Defendant's argument and finds that Plaintiff has adequately stated a claim for relief based on breach of Representation and Warranty 36.

Representation and Warranty 36 provides that appraisals of the properties securing loans LaSalle sold to Plaintiff satisfied the guidelines of Title XI of FIRREA in effect at the time the loans were originated. 2d Am. Compl. ¶ 29(c). In turn, Title XI of FIRREA, § 1110, codified at 12 U.S.C. § 3339, provides:

> Each Federal financial institution[']s regulatory agency . . . shall prescribe appropriate standards for the performance of real estate appraisals in connection with federally related transactions under the jurisdiction of each such agency or instrumentality. . . . Each such agency or instrumentality may require compliance with additional standards if it makes a determination in writing that such additional standards are required in order to properly carry out its statutory responsibilities.

As the regulatory agency supervising national banks like LaSalle, the OCC required LaSalle to conduct appraisals of properties securing any loans it originated. 2d Am. Compl ¶ 41; *see* OCC Real Estate Lending and Appraisals, 12 C.F.R. §§ 34.1, 34.43 (1994). The OCC

required these appraisals to be conducted in a manner that maintained appraisers' independence from the undue influence of LaSalle's loan production staff. *See* 12 C.F.R. § 34.45(a).[6]

Alleging breach of Representation and Warranty 36, Plaintiff lists specific ways in which LaSalle failed to comply with the OCC's appraiser independence requirements. 2d Am. Compl. ¶ 43. For example, LaSalle's own loan production staff selected appraisers for the 282 loans in question, and LaSalle's loan officers provided appraisers with dollar-amount estimate values of properties to be appraised. *Id.* ¶ 43(b), (e). Plaintiff alleges that LaSalle's failure to satisfy these independence requirements materially and adversely affected the 282 loans by making them riskier and less valuable than they would have been. *Id.* ¶¶ 8, 49. These facts are sufficient to state a claim based on breach of Representation and Warranty 36.

In response, Defendant argues that OCC regulations are outside the scope of Title XI of FIRREA, and that therefore Plaintiff has failed to state a claim based on a breach of Representation and Warranty 36. *See* Def.'s Mem. Supp. Mot. Dismiss 20. Although FIRREA refers generally to "[e]ach Federal financial institution[']s regulatory agency" and does not specifically mention the OCC, compliance with OCC regulations is indeed within the scope of FIRREA. *See* 12 U.S.C. § 3339; 12 C.F.R. § 34.41(b)(1) ("This subpart implements the requirements of title XI of FIRREA, and applies to all federally related transactions entered into by the OCC or by institutions regulated by the OCC[.]"). *See also Wells Fargo Bank, N.A. v.*

---

[6] OCC regulations provide that institutions must "take appropriate steps to ensure that the appraisers exercise independent judgment. Such steps include, but are not limited to, . . . prohibiting directors and officers from participating in any vote or approval involving assets on which they performed an appraisal." 12 C.F.R. § 34.45(a). In an advisory letter issued in 2003 and in effect at the time LaSalle sold Plaintiff the pool of loans in question, the OCC further emphasized the importance of safeguarding appraisal processes from "internal influence and interference from an institution's loan production staff," and specified that, to ensure compliance with OCC regulations, "[i]ndividuals independent from the loan production area should oversee the selection of appraisers and individuals providing evaluations services." *See* Appraiser Independence: Independent Appraisal and Evaluation Functions, FIL-84-03 (F.D.I.C. Oct. 28, 2003).

*LaSalle Bank Nat'l Ass'n*, No. CIV-08-1125-C, slip op. at 26 (W.D. Okla. Dec. 10, 2010) (finding that OCC independence requirements are within the scope of FIRREA and denying defendant LaSalle's motion for summary judgment on that issue); *People ex rel. Cuomo v. First Am. Corp.*, 960 N.E.2d 927, 932–33 (N.Y. 2011) (treating compliance with OCC regulation 12 C.F.R § 34.44 as relevant to an appraisal service provider's compliance with Title XI of FIRREA).

Accordingly, taking Plaintiff's allegations as true, the Court finds that Plaintiff has stated a claim for breach of contract based on breach of Representation and Warranty 36 and denies Defendant's motion to dismiss with respect to that claim.

## II. Materiality

Plaintiff alleges that LaSalle's breaches of Representations and Warranties 10, 24, and 36 materially and adversely affected 282 of the loans in the pool LaSalle sold Plaintiff, because each breach increased the loans' riskiness beyond what was contractually bargained for and thus made the loans less valuable than they were represented to be. 2d Am. Compl. ¶¶ 8, 38, 49, 53. Defendant argues that Plaintiff's claims are insufficient on the grounds that Plaintiff is required, but has failed, to allege the existence of a "material breach" in addition to the "material and adverse effect" of the various alleged breaches. *See* Def.'s Mem. Supp. Mot. Dismiss 8–10. The Court finds Defendant's argument unpersuasive.

First, Defendant's proposition finds no support in the parties' agreements or in New York law. Two of the cases that Defendant cites mischaracterize New York case law and are nonbinding.[7] *See id.* at 9. And the other authorities Defendant relies on are distinguishable from

---

[7] These two cases are *RGC Int'l Investors, LDC v. ARI Network Servs., Inc.*, No. Civ. 03-0003-SLR, 2004 WL 189784 (D. Del. Jan. 22, 2004), and *In re Chateaugay Corp.*, 155 B.R. 636 (Bankr. S.D.N.Y. 1993). For the proposition that a plaintiff must show "material breach" of warranty to recover on a breach of warranty claim, both cases cite to *Metromedia Co. v. Fugazy*, 983 F.2d 350 (2d Cir. 1992).

the present case.⁸  *See id.*; Def.'s Reply Mot. Dismiss 2.  Here, the Court finds that Plaintiff is not required to allege "material breach" in addition to "material and adverse effect" of breach. *See Wells Fargo Bank, N.A. v. LaSalle Bank Nat'l Ass'n*, No. CIV-08-1125-C, slip op. at 40–45 (W.D. Okla. Dec. 10, 2010) (reaching the same conclusion after an analysis of New York case law).

Second, even if New York law were to require Plaintiff to plead "material breach" in addition to the "material and adverse effect" of breach, Defendant has not explained how these terms should be distinguished from one another, and the Court finds no meaningful difference between them in the present case.  Simply stated, Plaintiff claims that LaSalle breached certain representations and warranties with respect to each of the loans at issue and that these breaches significantly decreased the value of these loans.  2d Am. Compl. ¶¶ 8, 38, 49, 53.  This factual allegation suffices to establish that LaSalle's alleged breaches had "material and adverse effects."  It would also suffice to establish that those breaches were "material," if that is what the law were to require.  *See Merrill Lynch & Co., Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 186 (2d Cir. 2007) (under New York law, a material breach occurs when a "party has substantially failed to perform its side of the bargain").  For these reasons, the Court finds that Plaintiff has adequately pleaded the issue of materiality.

---

*See RGC Int'l Investors*, 2004 WL 189784, at *6; *In re Chateaugay*, 155 B.R. at 649.  *Metromedia*, however, does not state that "material breach" is a required element for a breach of warranty claim under New York law.  Rather, the court in *Metromedia* merely mentions "material breach" during a passing recitation of the jury instructions that a party had proposed in the district court.  *See Metromedia*, 983 F.2d at 360.

⁸   For example, *Morgan Guar. Trust Co. of N.Y. v. Bay View Franchise Mortg. Acceptance Co.*, No. 00-CIV-8613(SAS), 2002 WL 818082 (S.D.N.Y. Apr. 30, 2002), involved a contract providing that "any" breach of warranty sufficed to trigger the contract's repurchase provision.  *See id.*, 2002 WL 818082, at *5.  The repurchase provision in the present case is triggered not upon "any" breach, but upon a breach materially and adversely affecting a loan.  PSA § 2.03(b), 2d Am. Compl., Ex. 1 at 72.  Another case Defendant cites, *Bresloff-Hernandez v. Horn*, No. 05-CIV-0384(JGK), 2007 WL 2789500 (S.D.N.Y. Sept. 25, 2007), lists elements not for a breach of warranty claim, but for a breach of contract claim.  *See id.*, 2007 WL 2789500, at *11.

**III.     Allegations with Respect to Each Individual Loan**

Finally, Defendant insists that Plaintiff has failed to state a claim for breach of the MLPA and PSA because Plaintiff has not pleaded breach on an individual, loan-by-loan basis with respect to the 282 loans in question. *See* Def.'s Mem. Supp. Mot. Dismiss 11–21. To support this assertion, Defendant relies on the fact that PSA § 2.03(b) uses the singular term "Mortgage Loan" instead of the plural term "Mortgage Loans." *Id.* 11–14. Defendant also relies on *U.S. Bank National Association v. Countrywide Home Loans, Incorporated*, No. 652388/2011, slip op. (N.Y. Sup. May 29, 2013). The Court, however, is unpersuaded by Defendant's arguments.

Contrary to Defendant's suggestion, Plaintiff is not alleging a breach with respect to one loan and then attempting to bootstrap that breach to another loan as a basis for entitlement to the purchase price of both. Rather, as acknowledged by Plaintiff in its response brief, "the Amended Complaint alleges specific breaches of representations and warranties *for each of the Loans* as to which it seeks the Purchase Price Remedy." Pl.'s Mem. Opp'n Def.'s Mot. Dismiss 18 (emphasis added). Specifically, Plaintiff alleges that each of the 282 loans at issue involved breaches of Representations and Warranties 24 and 36. *See* 2d Am. Compl. ¶ 9 (explaining that "Loans" refers to all 282 loans listed in Exhibit 3); *id.* ¶ 52 ("Because LaSalle failed to meet customary industry standards in many ways, as described above, with respect to *each* of the Loans, LaSalle breached [Representation and Warranty] 24 with respect to *all* Loans.") (emphasis added); *id.* ¶ 47 ("LaSalle violated FIRREA for *all* of the appraisals on *all* Loans due to a lack of independence in the appraisal ordering process.") (emphasis added). Plaintiff additionally alleges that each individual loan in a group of twenty-one loans involved a breach of Representation and Warranty 10. *See* 2d Am. Compl. ¶ 30 ("LaSalle breached Representation and Warranty 10 . . . with respect to *all* Loans secured by properties in the states of Oklahoma

and Washington . . . which represent[] 21 of the 282 Loans listed on Exhibit 3.") (emphasis added). This is precisely the type of claim that was permitted by the court in the *U.S. Bank* case. *See U.S. Bank*, No. 652388/2011, slip op. at 10-11.

Accordingly, the Court rejects Defendant's assertion that Plaintiff's complaint must allege breach of each individual loan in any further detail. To conclude otherwise, moreover, would frustrate the standard of notice pleading set forth in Federal Rule of Civil Procedure 8(a)(2). *See Twombly*, 550 U.S. at 555 (holding that Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain only a short and plain statement of the claim rather than detailed factual allegations). Thus, taking the Plaintiff's allegations as true, the Court finds that Plaintiff has sufficiently pleaded a claim based on breach of LaSalle's Representations and Warranties with respect to each of the 282 loans in question.

## Conclusion

For the reasons provided herein, the Court denies Defendant's motion to dismiss Plaintiff's Second Amended Complaint [83] for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

**SO ORDERED**                               **ENTER:** 8/21/14

_____
**JOHN Z. LEE**
**United States District Judge**